**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re Subpoena in<br><br>ESTATE OF ROBINSON PAL,<br><br>      Plaintiff<br><br>      v.<br><br>BARCODE CORPORATION,<br><br>      Defendant | Misc. Action No. 19-109 (CKK) |

**MEMORANDUM OPINION**
(September 26, 2019)

      The Court is in receipt of the United States Attorney's [2] Motion to Quash and Discharge the Superior Court Ordered Notice of Deposition Duces Tecum. This case arises out of a lawsuit currently pending in the Superior Court of the District of Columbia ("D.C. Superior Court"). The estate of Robinson Pal is suing Barcode Corporation ("Barcode"), alleging that Barcode's negligence led to the stabbing death of Mr. Pal. *See* Ex. 1, ECF No. 3, 21 (complaint in *Estate of Robinson Pal v. Barcode Corp.*, Case No. 2017 CA 00425B). Prior to the filing of the D.C. Superior Court civil lawsuit, Antoine Byrd was criminally prosecuted for the stabbing death of Mr. Pal. *See United States v. Antoine Byrd*, 2016 CF1 2340 (D.C. Super. Ct. 2016). After reviewing Mr. Byrd's allocution transcript, Barcode sent a Notice of Deposition Duces Tecum and corresponding Subpoena to the United States Attorney for the District of Columbia, requesting the criminal case file for Mr. Byrd's D.C. Superior Court criminal case. *See* Ex. 4, ECF No. 3, 76. After communications between Barcode and the United States Attorney's Office, Barcode obtained a court ordered Notice of Deposition Duces Tecum and Subpoena signed by the D.C. Superior Court judge in the underlying civil case, *Estate of Robinson Pal v. Barcode Corporation*. *See* Ex. 8, ECF No. 3, 94. The United States Attorney then removed the subpoena to this Court and filed a Motion to quash and discharge it. Ex. 9, ECF No. 3, 102 (Notice of Removal). That Motion to quash and discharge the D.C. Superior Court subpoena is currently before the Court.

      Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a

---

[1] The Court's consideration has focused on the following documents and their attachments and/or exhibits: Mot. to Quash and to Discharge the Superior Court Ordered Notice of Deposition Duces Tecum, ECF No. 2 ("Mot. to Quash"); Barcode Corp.'s Opp'n to the United States Attorney's Mot. to Quash and to Discharge the Court Ordered Notice of Deposition Duces Tecum, ECF No. 3 ("Opp'n to Quash"); and Reply in Support of Mot. to Quash and to Discharge the Court Ordered Notice of Deposition Duces Tecum, ECF No. 6 ("Reply to Mot.").

whole, the Court GRANTS the United States Attorney's [2] Motion to Quash and Discharge the Superior Court Ordered Notice of Deposition Duces Tecum. The Court concludes that sovereign immunity shields the United States Attorney from enforcement of the D.C. Superior Court's subpoena. And, this Court has no power to enforce the subpoena.

Pursuant to *United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951), agencies may withdraw from employees the authority to release government documents. 340 U.S. at 469-70. The Department of Justice, of which the United States Attorney's Office is a component part, has enacted valid *Touhy* regulations. *See* 28 C.F.R. §§ 16.21 *et seq*. According to those *Touhy* regulations, "[i]n any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department … without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part." 28 C.F.R. § 16.22(a). As is relevant here, Section 16.24 allows the production of material from the Department only if "[n]one of the factors specified in § 16.26(b) of this part exists with respect to the demanded disclosure." 28 C.F.R. § 16.24(b)(3). In this case, the United States Attorney refused to comply with Barcode's request for material contained in Mr. Byrd's criminal case file because at least some of the factors specified in § 16.26(b) existed with respect to the demanded material. Specifically, the United States Attorney noted that the disclosure of the material "'would violate a statute'" which is prohibited under *Touhy* regulation § 16.26(b)(1). Ex. 7, ECF No. 3, 90-91 (letter from United States Attorney quoting the *Touhy* regulations). The United States Attorney explained that disclosure would violate the Privacy Act which "prohibits the disclosure of 'any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.'" *Id.* (quoting 5 U.S.C. § 552(a)(b)). The United States Attorney further noted that the disclosure of certain material may violate the rule of grand jury secrecy or violate various privileges.

Despite the validly-enacted *Touhy* regulations, Barcode argues that the United States Attorney must disclose the requested materials due to the D.C. Superior Court ordered Notice of Deposition Duces Tecum and subpoena, which directs the United States Attorney to produce many of the materials in Mr. Byrd's criminal case file. Ex. 8, ECF No. 3, 94. However, the D.C. Superior Court does not have jurisdiction to enforce the subpoena because sovereign immunity shields the federal government, including the United States Attorney, from enforcement actions in state court. *See Houston Business Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1211 (D.C. Cir. 1996) ("In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena."). Moreover, because the underlying civil case is in state court, this Court's jurisdiction is derivative of the state court's jurisdiction, and this Court also lacks jurisdiction to enforce the subpoena against the United States Attorney. *Id.* at 1211-13 (explaining that a federal court is "without power to issue a subpoena when the underlying action is not even asserted to be within

---

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

federal-court jurisdiction").

As the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has explained, "this result is compelled by the limitations on the role of discovery in federal court." *Id.* at 1213. Rather than permitting "free-standing investigati[ons]," "the discovery devices in federal court stand available to facilitate the resolution of actions cognizable in federal court." *Id.* As such, Article III of the Constitution limits this Court's subpoena power to "cases where a federal court has subject-matter jurisdiction over the underlying action," or "circumstances where an action is cognizable in federal court," or cases "where the subpoena is necessary for the court to determine and rule upon its own jurisdiction." *Id.* (internal quotation marks omitted). As none of these circumstances apply to the case currently before the Court, this Court lacks jurisdiction to enforce the D.C. Superior Court subpoena.

Accordingly, the Court concludes that the subpoena in this matter should be quashed as neither the D.C. Superior Court nor this Court has jurisdiction to enforce the subpoena as against the United States Attorney. *See, e.g., In re Subpoena in Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) ("A state subpoena commanding a federal agency to produce its records or have its employees testify about information obtained in their official capacities violates federal sovereign immunity."); *Santini v. Herman*, 456 F. Supp. 2d 69, 71 (D.D.C. 2006) (quashing for lack of jurisdiction a D.C. Superior Court subpoena for documents brought against the United States Attorney's Office); *Stauffer v. Miller*, No. 14-mc-454, 2014 WL 12539886, at *3 (D.D.C. July 16, 2014) (granting a motion to quash a D.C. Superior Court subpoena for documents because "even if the action is removed to federal court, even this Court lacks jurisdiction to enforce a State court issued subpoena"); *Washington Consulting Group v. Monroe*, No. 00-MS-141, 2000 WL 1195290, *3 (D.D.C. July 24, 2000) (quashing a D.C. Superior Court subpoena because "a district court, such as this one, which would have no jurisdiction to even issue the subpoenas, has no jurisdiction to enforce the subpoena issued by a state court"); *United States v. Fears*, 789 F. Supp. 2d 166, 169 (D.D.C. 2011) (explaining that, because of sovereign immunity, a state court subpoena against a federal agency cannot be enforced), *vacated on other grounds*, No. 11-mc-174, 2011 WL 7054090 (D.D.C. Nov. 1, 2011).

Despite this clear authority, Barcode contends that the D.C. Circuit's decision in *Houston Business Journal* is limited to requests for oral testimony. Because Barcode requests documents pursuant to a subpoena duces tecum, Barcode contends that *Houston Business Journal* does not apply.

The Court is not persuaded by Barcode's argument. By its own terms, *Houston Business Journal* applies to subpoenas duces tecum and requests for documents from federal agencies. In *Houston Business Journal*, a state court entered an order "to compel the production of documents [from the United States Office of the Comptroller] based on the Journal's subpoena duces tecum." 86 F.3d at 1211. The D.C. Circuit went on to conclude that neither the state court nor the federal court had jurisdiction to force the federal agency to turn over the documents. *Id.* at 1213; *see also Santini*, 456 F. Supp. 2d at 71 ("Whether a plaintiff seeks testimony or the production of documents from an agency, [the plaintiff] must comply with the agency's *Touhy* regulations.").

Despite the clear facts of *Houston Business Journal*, Barcode relies on two cases, *Chen v. Ho*, 368 F. Supp. 2d 97 (D.D.C. 2005) and *Linder v. Calero-Portocarrero*, 251 F.3d 178 (D.C. Cir. 2001), to argue that *Houston Business Journal's* conclusion applies only to oral testimony, not to the production of documents. However, neither case is relevant to the one before the Court. Unlike this case, both *Chen* and *Linder* involved subpoenas for documents from underlying federal court cases, rather than from underlying state court cases. *Chen*, 368 F. Supp. 2d at 97 (requesting testimony from a federal agency that would provide information on "a key issue in a civil case in the United States District Court for the District of New Jersey"); *Chen v. Ho*, 04-mc-597 (D.D.C. 2004), ECF No. 4, 2 (explaining that the subpoenas related to a "civil lawsuit pending in the District of New Jersey"); *Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 316 (D.D.C. 1998) ("The movants in these cases are plaintiffs in a civil suit in the Southern District of Florida"); *Linder v. Dep't of Defense*, 133 F.3d 17, 19 (D.C. Cir. 1998) (explaining that the plaintiffs "filed a wrongful death action in the U.S. District Court for the Southern District of Florida"); *see also* Ex. 1, ECF No. 7 (United States District Court for the Southern District of Florida docket for *Linder*, 88-cv-702) . Because the subpoenas in both of these cases relate to underlying federal court lawsuits, the relevant jurisdictional issues are not present. While the federal government has waived its immunity to suit in federal court, it has not waived its immunity in state court. *Houston Business Journal*, 86 F.3d at 1211-12. As such, neither *Chen* nor *Linder* are relevant to the Court's conclusion that it lacks jurisdiction to enforce the D.C. Superior Court subpoena against the United States Attorney.

Beyond these jurisdictional issues, in their briefing, the parties dispute whether or not the Privacy Act would actually prohibit disclosure of the requested documents pursuant to the Department of Justice's *Touhy* regulations. However, as the Court lacks jurisdiction to enforce the subpoena, there is no need to resolve this dispute. As Barcode is a state-court litigant seeking documents from a federal agency, Barcode must seek the documents from the United States Attorney pursuant to the *Touhy* regulations, as it appears Barcode has done. *Id.* at 1212. "If the [United States Attorney] refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Id.*; *see also Washington Consulting Group*, 2000 WL 1195290, at *4 (explaining that "the 'sole remedy' of a state-court litigant is to file an action under the APA"); *Agility Public Warehousing Co. K.S.C.P v. U.S. Dep't of Defense*, 246 F. Supp. 3d 34, 40 (D.D.C. 2017) (resolving the federal agency's denial of the movants *Touhy* requests for documents and testimony after the movants had sought review in federal court under the APA); *Longtin v. U.S. Dep't of Justice*, No. 06-1302, 2006 WL 2223999, at *1 (D.D.C. Aug. 3, 2006) (same). Barcode has not filed a collateral federal suit either seeking the refused documents or challenging the *Touhy* request denial. And, such a claim "cannot [be] bootstrap[ped] … into this proceeding." *Santini*, 456 F. Supp. 2d at 72 (refusing to review the federal agency's denial of documents as the movant had not filed a proper suit in federal court seeking such review).

For the reasons explained above, this Court is without jurisdiction to enforce the D.C. Superior Court subpoena against the United States Attorney. This Court is also without jurisdiction to review the United States Attorney's withholding of the requested documents. As such, it is ORDERED that the United States Attorney's [2] Motion to Quash and Discharge the

4

Superior Court Ordered Notice of Deposition Duces Tecum is GRANTED. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE